IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

V.                              CASE NO. 02-CR-40010

DEMARCUS OWENS                                                              DEFENDANT

# **ORDER**

Before the Court are Defendant's Motion to Correct Clerical Error (ECF No. 33) and Motion to Amend/Correct his Motion to Correct Clerical Error. (ECF No. 37). Defendant seeks to have his judgment corrected pursuant to Rule 36 of the Federal Rules of Criminal Procedure because of a "clerical error." The government has responded to Defendant's motions. (ECF No's 34 & 38). Defendant has filed a reply. (ECF No. 35). The matter is ripe for the Court's consideration.

Defendant claims that the U.S. Probation Office relied on an erroneous report from the Miller County Prosecutor's Office while preparing his presentence report, which resulted in an error. He claims that because of this error, his sentence should be reduced by 10 years. Defendant seeks relief under Fed. R. Crim. P. 36, but it appears that Defendant's requests are in fact a collateral attack on the legality of his sentence. Such an attack must be brought under a proper 28 U.S.C. § 2255 petition.

Rule 36 does not provide Defendant with the relief he seeks. Rule 36 authorizes a court to correct a clerical error in a judgment. Fed. R. Crim. P. 36; *United States v. Tramp*, 30 F.3d 1035, 1037 (8th Cir. 1994). However, it "does not authorize a district court to *modify* a sentence at any

time." *Id.* "An authorized correction, pursuant to Rule 36, may clarify a sentence, unclear in written form, that is clear when the record is examined as a whole." *Id*. The error that Defendant describes in his presentence report is not one that may be remedied through a simple clarification of a sentence that is unclear in written form. Instead, it is a substantive modification to his sentence. Such a modification must be addressed through a § 2255 petition.

Construing Defendants request as a § 2255 petition, it must be denied as untimely. *See* 28 U.S.C. § 2255(f). Defendant's conviction was finalized in 2002. His motions to correct his sentence were filed in 2010, which is well beyond the one year limitation period provided in § 2255(f). Accordingly, Defendant's motions (ECF No's 33 & 37) should be and hereby are **DENIED**.

**IT IS SO ORDERED**, this 12th day of April, 2013.

/s/ Harry F. Barnes
Harry F. Barnes
United States District Judge